FILED
SUPERIOR COURT
OF GUAM

2024 OCT -9 PM 3: 52

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ALEX D. BENHAM,<br><br>               Plaintiff,<br><br>vs.<br><br>CASSIE K. DOLYNIUK,<br><br>               Defendant. | Domestic Case No. DM0309-21<br><br>**DECISION AND ORDER**<br>**(Motion to Modify Divorce Decree)** |

### INTRODUCTION

This matter came before the Honorable John C. Terlaje on September 5, 2024, for a Motion Hearing on Cassie K. Dolyniuk's ("Defendant's") Motion to Modify Divorce Decree. Attorney Catherine Bejerana Camacho appeared for Plaintiff and Defendant appeared pro se. Based on the relevant law and authorities the Court now issues the following decision and order **DENYING** Defendant's Motion to Modify Divorce Decree.

### BACKGROUND

This Court entered judgement on this case in the form of a Findings of Fact and Conclusions of Law filed on May 1, 2024. The Final Judgment of Divorce was ordered by this Court on May 20, 2024. The Defendant, Ms. Dolyniuk, filed a handwritten Motion to Modify Divorce Decree on June 17, 2024, appearing to request 1) rehabilitative alimony, (2) tax documents and tax refunds for 2020-2024, (3) back-pay support and housing, (4) re-opening

discovery, and (5) all personal property and finances. As pointed out by Plaintiff, these requests deal with spousal support, division of property, and re-opening discovery after a final judgment. Plaintiff's Oppo. To Defendant's Mo. To Modify Divorce Decree at 4-5. Defendant has stated that she should be entitled to this modification because she "was not able to physically, mentally and emotionally participate" properly during the actual trial. Defendant's Mo. To Modify at 1. The relevant facts regarding the Motion are as follows:

1. Plaintiff and Defendant were married on November 11, 2020.

2. Parties agree that they separated after about 6 months of marriage in May of 2021.

3. Plaintiff filed the Complaint for Divorce on July 26, 2021 and Defendant filed the Answer and Counterclaim on November 18, 2021.

4. According to the pleadings, both parties agree that there were no children in the marriage, and that there was only one community property of the marriage, a Navy Federal Credit Union Joint Bank Account.

5. On May 17, 2024, the Court issued the interlocutory Judgment of Divorce and a Final Judgment of Divorce.

6. Defendant filed the Submission Motion to Modify Divorce Decree & Supporting Evidence on June 18, 2024, as well as an Amended Submission to Modify Divorce Decree on June 25, 2024, to which this Court now responds.

## DISCUSSION

Under the Guam Rules of Civil Procedure Rule 59(e), "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Defendant's original Motion to Modify was filed on June 18, well outside the 10-day limit which ended on May 28th.

By failing to argue her points during trial or file a Motion to Reconsider by May 28th, Ms. Dolyniuk forfeited her ability to make these requests from the Court.

Furthermore, while the Court acknowledges its obligation to give pleadings from pro se parties the benefit of the doubt, the Court "cannot supply essential elements of the claim that were not pled." *See Quichocho v. Carbullido*, Decision and Order, J. Gutierrez, CV0429-21, October 3, 2022, p. 4-5. In her Motion, Ms. Dolyniuk lists several Guam Criminal statutes, but offers no legal argument whatsoever to show why the Court should accept her motion to amend the divorce judgment, especially a motion that was made outside the required timeframe. Therefore, while the Court recognizes that Defendant has filed pro se and may be afforded some leeway, the Court cannot recognize a Motion with no legal or procedural support.

## CONCLUSION AND ORDER

For the above reasons, the Court **DENIES** Plaintiff's Motion to Modify Divorce Decree.

SO ORDERED, this ___9___ day of ___October___ 2024.

_____
**HONORABLE JOHN C. TERLAJE**
Judge, Superior Court of Guam